IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) GARGIULO, INC., ) ) Defendant. ) ) ) _____ ) | CIVIL ACTION NO. COMPLAINT JURY TRIAL DEMANDED INJUNCTIVE RELIEF SOUGHT |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Solange Macelin ("Ms. Macelin"), Viergela Jean-Francois ("Ms. Jean-Francois"), Carmelia Pierre ("Ms. Pierre"), Changolia Julien ("Ms. Julien"), Loundy Saint-Hilaire ("Ms. Saint-Hilaire") and any other similarly situated individuals who were adversely affected by such practices. As stated with greater particularity in paragraph seven below, the Commission alleges that Ms. Macelin, Ms. Jean-Francois, Ms. Pierre, Ms. Julien, Ms. Saint-Hilaire, and other similarly situated individuals were sexually harassed and retaliated against at Defendant's place of business in Immokalee, Florida. Ms. Macelin, Ms. Jean-Francois, Ms. Pierre, Ms. Julien, Ms. Saint-Hilaire and other similarly situated individuals were forced to endure unwelcome sexual comments and/or physical contact because of their sex, which created a hostile work environment. Furthermore, Ms. Macelin, Ms. Jean-Francois, Ms. Pierre, Ms.

Julien, Ms. Saint-Hilaire, and other similarly situated individuals were retaliated against for rejecting the sexual harassment and/or complaining to management about the sexual harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida, Ft. Myers Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by 06(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Gargiulo, Inc. (the "Employer"), has continuously been a Delaware corporation doing business in the State of Florida and the City of Immokalee, and has continuously had at least 15 employees.

5.  At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.  More than thirty days prior to the institution of this lawsuit, Ms. Macelin, Ms. Jean-Francois, Ms. Pierre, Ms. Julien, and Ms. Saint-Hilaire filed charges with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.  Since at least November 2003, Defendant Employer has engaged in unlawful employment practices at its Immokalee facility, in violation of Section 703(a)(1) and 704(a) of Title VII, 42 U.S.C. §§2000e-2(a) and 2000(e)-3(a).

   a.  Specifically, Ms. Macelin, Ms. Jean-Francois, Ms. Pierre, Ms. Julien, Ms. Saint-Hilaire, and any other similarly situated individuals were subjected to unwelcome physical and verbal conduct of a sexual nature by their supervisor, Sony Constan, which was sufficiently severe and pervasive to constitute an intimidating hostile and offensive work environment. The sexual conduct included physical conduct and sexually offensive remarks of a personal nature.

   b.  Ms. Macelin, Ms. Jean-Francois, Ms. Pierre, Ms. Julien, and Ms. Saint-Hilaire and any other similarly situated individuals were retaliated against for rejecting and/or complaining about the sexual harassment. The retaliation was in the form of suspensions without pay, failure to rehire

and/or subjecting Ms. Macelin, Ms. Jean-Francois, Ms. Pierre, Ms. Julien, Ms. Saint-Hilaire and any other similarly situated individuals to adverse work conditions.

8. The effect of the practices complained of in paragraph seven above has been to deprive Ms. Macelin, Ms. Jean-Francois, Ms. Pierre, Ms. Julien, and Ms. Saint-Hilaire and any other similarly situated individuals of equal employment opportunities and otherwise adversely affect their status as an employee because of their sex and because of retaliation.

9. The unlawful employment practices complained of in paragraph seven above were intentional.

10. The unlawful employment practices complained of in paragraph seven above were done with malice or with reckless indifference to the federally protected rights of Ms. Macelin, Ms. Jean-Francois, Ms. Pierre, Ms. Julien, and Ms. Saint-Hilaire and any other similarly situated individuals.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment or retaliation and any other employment practice which discriminates on the basis of sex and retaliation.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for victims of sexual

harassment and retaliation, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Ms. Macelin, Ms. Jean-Francois, Ms. Pierre, Ms. Julien, and Ms. Saint-Hilaire and any other similarly situated individuals, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make whole Ms. Macelin, Ms. Jean-Francois, Ms. Pierre, Ms. Julien, and Ms. Saint-Hilaire and any other similarly situated individuals, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph seven above, in amounts to be determined at trial.

E. Order Defendant Employer to make whole Ms. Macelin, Ms. Jean-Francois, Ms. Pierre, Ms. Julien, and Ms. Saint-Hilaire and any other similarly situated individuals, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph seven above, including emotional pain, suffering and inconvenience, in amounts to determined at trial.

F. Order Defendant Employer to pay Ms. Macelin, Ms. Jean-Francois, Ms. Pierre, Ms. Julien, Ms. Saint-Hilaire and any other similarly situated individuals punitive damages for its malicious and reckless conduct described in paragraph seven above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DELNER FRANKLIN-THOMAS
Regional Attorney

*/s/ Muslima Lewis*

MUSLIMA LEWIS
Trial Attorney
Florida Bar No. 0158305
UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Miami District Office
One Biscayne Tower, Suite 2700
Two Biscayne Boulevard
Miami, Florida 33131
Tel. (305) 530-6006 Direct
Tel. (305) 536-6001 Main
Fax (305) 536-4494
E-mail:muslima.lewis@eeoc.gov