UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

VIERGELA JEAN-FRANCOIS, CHANGOLIA JULIEN, CARMELIA PIERRE, LOUNDY SAINT-HILAIRE, and SOLANGE MARCELIN,

    Intervenors,

vs.      Case No. 2:05-cv-460-FtM-29SPC

GARGIULO, INC.,

    Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint and Supporting Memorandum of Law (Doc. #11) filed on December 2, 2005. Plaintiff Equal Employment Opportunity Commission (plaintiff or the EEOC) filed its Response on December 19, 2005. (Doc. #17). Because of several pleading deficiencies, the motion to dismiss will be granted, with leave to amend.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334,

1335 (11th Cir. 2003). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle the plaintiff to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(*en banc*). To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). Specifically, Rule 8(a)(2) requires that a pleading contain a "short and plain statement of the claim" that shows that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Rule 10(b) requires that the allegations of a claim "shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances . . . [and][e]ach claim found upon a separate transaction or occurrence . . . shall be stated in a separate count." Fed. R. Civ. P. 10(b). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n.16. While the federal pleading burden is not great, it nonetheless requires fair notice of the claim and the grounds upon which the claim rests. Dura Pharm., Inc. V. Broudo, 125 S. Ct. 1627, 1634 (2005). "The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'"

Beckwith v. Bellsouth Telecommunications Inc., 146 Fed. Appx. 368, 372 (11th Cir. 2005) (citing Byrne v. Nezhat, 261 F.3d 1075, 1129-30 (11th Cir. 2001).

## II.

Defendant contends that the Motion should be granted based on two grounds: (1) the Complaint is a shotgun pleading, and/or (2) plaintiff failed to state any claim under Title VII. Additionally, while defendant concedes that plaintiff alleges the first two elements of the five-prong standard for a sexual harassment claim under Title VII, defendant argues that the Complaint lacks allegations relating to the last three elements. Defendant also contends that "[the] Complaint alleges none of [the] elements [for a retaliation claim], although the Plaintiff does describe actions to which someone may have been subjected, and states the legal conclusion that it was 'retaliation' but again, there are no facts to support that legal conclusion." (Doc. #11, p. 10). Defendant further asserts that the retaliation claim makes no "distinction as to which of the individuals alleged suffered which actions. This commingling of the wrongful actions and people affected eliminates the ability to state a claim for retaliation." (Id.).

Paragraph 7 sets forth the claim(s) by five former employees against their former corporate employer. Paragraph 7a attempts to state a claim for a hostile work environment based on sexual harassment, while paragraph 7b attempts to state a claim of retaliation. The elements of each such cause of action are well

established. To establish a hostile work environment claim based upon sexual harassment, a plaintiff must show: (1) that she belongs to a protected group; (2) that she has been subject to unwelcome sexual harassment, such as sexual advances, requests for sexual favors, and other conduct of a sexual nature; (3) that the harassment was based on the sex of the plaintiff; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) a basis for holding the employer liable. Hulsey v. Pride Restaurants, LLC, 367 F3.d 1238, 1244 (11th Cir. 2004). See also Pennsylvania State Police v. Suder, 542 U.S. 129 (2004); Mendoza v. Borden, Inc., 195 F.3d 1238, 1245 (11th Cir. 1999). To establish a prima facie case of retaliation under Title VII, the plaintiff must show that: (1) she engaged in statutorily protected activity; (2) she suffered an adverse employment action; and (3) there is some causal relation between the two events. Lipphardt v. Durango Steakhouse of Brandon, 267 F.3d 1183, 1186-87 (11th Cir. 2001); Johnson v. Booker T. Washington Broadcasting Serv., Inc., 234 F.3d 501, 507 (11th Cir. 2000).

The Court finds that separation of the sexual harassment claim and the retaliation claim into separate counts will facilitate the clear presentation of the case under Rule 10. Additionally, the

Court finds that the Complaint may not refer to "similarly situated individuals" since it is not a purported class action complaint.

Moreover, paragraph 1 of the Complaint asserts that the action is "authorized and instituted pursuant to" Title VII and 42 U.S.C. § 1981a. While a hostile work environment claim may be brought under both Title VII and § 1981, Shields v. Fort James Corp., 305 F.3d 1280, 1282 (11th Cir. 2002), the § 1981 claim can only be based on race. Sections 1981 and 1981a relate to race discrimination, and there are no facts alleged in the Complaint which would support any of the required elements. Harry v. Marchant, 237 F.3d 1315, 1322 (11th Cir. 2001).

With respect to the sexual harassment claim, plaintiff provides meager factual allegations; nonetheless, these allegations are sufficient to state a Title VII claim for a hostile work environment. However, plaintiff cannot simply lump its individual assertions together in a group pleading, unless it is plaintiff's contention that the identical events apply to all five individuals.

Additionally, with respect to the retaliation claim, the Court finds that the Complaint provides no facts for the last two elements of the retaliation claim. The Court is further concerned that the Complaint makes no distinction as to what retaliatory conduct applies to which former employee. Since leave to amend the Complaint will be provided, plaintiff should cure this deficiency in the amended pleading.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. #11) is **GRANTED in part and DENIED in part**.  The Court dismisses the Complaint without prejudice, and plaintiff may amend its Complaint within **ELEVEN (11) DAYS** of this Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __22nd__ day of March, 2006.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record